GAIDRY, J.,
concurring in part and dissenting in part.
hi concur with the majority’s conclusions, with one exception. I disagree with the trial court’s conclusion that the co-trustees’ allocation or assessment of the litigation costs and expenses, including attorney fees, attributable to the litigation *1149 instigated by Tim Mashburn and Helen Mashburn Penton, to those beneficiaries’ trusts was> “arbitrary and unilateral.” I accordingly dissent in part from that portion of the majority opinion affirming the trial court’s ruling that the co-trustees could not assess the litigation costs and expenses against those beneficiaries’ trusts.
While it may be true, as the majority suggests, that the “allocation of receipts and expenditures” in La. R.S. 9:2141 refers to the allocation of those items between principal and income of the trusts, I do not read that statute as strictly limiting the co-trustees’ powers of allocation to that limited purpose. The co-trustees had the authority to make a good-faith assessment or allocation of litigation costs and expenses on an unequal basis among the beneficiaries of the trusts, consistent with their “necessary or appropriate” powers under La. R.S. 9:2111 and the broad discretion conferred upon them by La. R.S. 9:2115 and the unambiguous language of the trust instruments. [ ¡.Considering the circumstances of this matter, I conclude that the co-trustees’ actions in the foregoing respect accorded with an impartial administration of all of the trusts, and that their assessment of the litigation costs and expenses was “fair and reasonable to all of the beneficiaries” under La. R.S. 9:2082 and both “prudent” and “reasonable” under the standards of La. R.S. 9:2090. While the co-trustees’ actions in defending the litigation might be said to generally inure to the benefit of all of the trusts, for purposes of protecting and conserving the trusts’ common property and income, the unmeritorious litigation instituted by Tim Mashburn and Helen Mashburn Penton in their own individual interests served to indirectly deplete the common trust assets. It is only fair and equitable that those beneficiaries’ interests should bear more of the burden of the trusts’ litigation costs and expenses, and the co-trustees’ actions to that end are not inconsistent with their fiduciary duties to them. This is not a case where the courts should interfere with the considered exercise of discretion by a trustee. See La. R.S. 9:2115.